FILED
SUPERIOR COURT
OF GUAM

2018 APR -5 AM 11: 33

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| WISE OWL ANIMAL HOSPITAL,<br><br>Plaintiff,<br><br>vs.<br><br>ALFREDO BUSTAMANTE,<br><br>Defendant. | Superior Court Case No. <u>CV0981-17</u><br><br>**DECISION AND ORDER**<br>re<br>**(1) MOTION FOR STAY PENDING ARBITRATION; (2) MOTION TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM; (3) MOTION FOR STAY OF PLAINTIFF'S COMPLAINT PENDING ARBITRATION** |

This dispute originates from veterinary services rendered for treatment of a dog. Initially, Plaintiff Wise Owl Animal Hospital filed an action in Small Claims Court to recover $6,710.85 from Defendant Alfredo Bustamante for his dog's treatment.

This matter was then removed from small claims and brought before this Court when Bustamante filed a counterclaim against Wise Owl and sought damages in excess of $10,000.00. Subsequently, Wise Owl filed a Motion for Stay Pending Arbitration on January 5, 2018. In response, Bustamante also filed a Motion to File First Amended Answer and Counterclaim and Motion for Stay of Plaintiff's Complaint Pending Arbitration on January 10, 2018.[1] The Court heard the motions on February 21, 2018.[2] Now having considered parties arguments and the Medical Malpractice Mandatory Arbitration Act, the Court **GRANTS** Bustamante's Motion to File First Amended Answer and Counterclaim, **GRANTS** Wise Owl's Motion for Stay Pending

---

[1] Although presented as one filing, the Court considers Defendant Bustamante's Motion to File First Amended Answer and Counterclaim and the Motion for Stay of Plaintiff's Complaint Pending Arbitration separately.

[2] Thompson Thompson & Alcantara, P.C. represents Wise Owl; the Law Offices of Cunliffe & Cook represents Bustamante.

ORIGINAL

Arbitration, and **DENIES** Bustamante's Motion to Stay Plaintiff's Complaint Pending Arbitration.

## I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Wise Owl treated Bustamante's dog. After providing treatment, Wise Owl sue Bustamante in Small Claims Court to recover $6,710.85 for unpaid services. Bustamante removed the matter from small claims based a negligent treatment claim. *Wise Owl v. Bustamante*, SD0584-15 (Mot. Remove & Counterclaim at 2 (Jan. 22, 2016)). In that claim, Bustamante contends Wise Owl provided ineffective treatment and caused further health complications. *Id.* In his Answer, Bustamante counterclaimed for gross negligence, lack of accounting (regarding treatment donations), lack of compensation for advertising, intentional infliction of emotional distress and attorney's fees. Answer and Countercl. (Sep. 26, 2017).

Subsequently, Wise Owl moved to stay the matter pending mandatory arbitration. Wise Owl opines that Bustamante's negligence and intentional infliction of emotional distress counterclaims are subject to mandatory arbitration under the Medical Malpractice Mandatory Arbitration Act ("MMMAA"). Mot. Stay Pending Arbitration at 2-3 (Jan. 5, 2018); 10 GCA § 10102. In Opposition, Bustamante claims that if granted, his Motion to Amend Answer would remove this matter from the MMMAA's mandatory arbitration. Opp'n Pl.'s Mot. Stay Pending Arbitration at 2 (Feb. 7, 2018). In Reply, Wise Owl argues such amendment changes the form, but not the substance of Bustamante's claims. Reply in Support of Pl.'s Mot. Stay Pending Arbitration at 2 (Feb. 20, 2018).

Bustamante filed a Motion to File First Amended Answer and Counterclaim ("Motion to Amend Answer") and for Stay of Plaintiff's Complaint Pending Arbitration ("Mot. to Stay

Plaintiff's Complaint"). First, the Motion to Amend Answer seeks to replace the gross negligence and intentional infliction of emotional distress counterclaims with the affirmative defense of lack of consideration. Mot. Amend Answer at 2 (Jan. 10, 2018). Bustamante argues this affirmative defense, unlike counterclaims, is not subject to mandatory arbitration. *Id.* Second, in the Moton to Stay Plaintiff's Complaint, Bustamante states that Wise Owl's claim for nonpayment against him is also subject to mandatory arbitration because it is based out of contract. *Id.* at 3.

In opposition, Wise Owl contends that such amendment is futile since the matter remains subject to mandatory arbitration. Opp'n Def.'s Mot. File Am. Answer and Stay Complaint Pending Arbitration at 2 (Feb. 7, 2018). Further, Wise Owl asserts its claim for nonpayment is not subject to arbitration under the MMMAA's parameters. *Id.* at 4-5. In reply, Bustamante argues Wise Owl's claim falls under the plain language of the MMMAA statute, specifically section 10102. Reply at 2-3 (Feb. 20, 2018).

## II.    <u>LAW AND ANALYSIS</u>

As a threshold issue, the Court acknowledges that Wise Owl's veterinary practice falls under the MMMAA. The MMMAA defines "health professional" to include any person licensed or certified to practice the healing arts within the territory of Guam. 10 GCA § 10101(b). Veterinary medicine, like other health practices, is regulated and licensed by the Guam Board of Allied Health Examiners. 10 GCA § 12802(a)(xi). Further, the Superior Court of Guam previously held that Dr. Joel Joseph, Wise Owl's veterinarian, is subject to the MMMAA. *See,* *Bamba v. Joseph,* SD0401-13 (Dec. & Order (May 9, 2014) (claim under Consumer Act is subject to mandatory arbitration)). Thus, as a matter of law, the Court finds that Wise Owl's

ORIGINAL

veterinarian practice falls under the MMMAA.

### A. Motion to Amend Answer - Leave to Amend Shall Be Freely Given

Rule 15(a) of the Guam Rules of Civil Procedure, which is identical to Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires." GRCP 15(a). Leave to amend pursuant to Rule 15 "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011); *see also Arashi & Co. v. Nakashima Enters., Inc,* 2005 Guam 21 ¶ 16 (discussing Rule 15(a)). "Outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Forman v. Davis,* 371 U.S. 178, 182 (1962). Leave to amend a pleading should be denied for futility only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *See Barahona v. Union Pac. R.R. Co.,* 881 F.3d 1122, 1125 (9th Cir. 2018)

Bustamante acknowledges that his initial counterclaims for gross negligence and intentional infliction of emotional distress must be arbitrated. As a result, he seeks to amend and substitute those counterclaims with the affirmative defense of lack of consideration. Since leave to amend must be freely given in the interests of justice, the Court is inclined to grant such leave. The Court acknowledges Wise Owl's argument that such amendment may still subject the claim to mandatory arbitration. However, this alone does not render it futile. Pursuant to *Barahona,* the underlying facts of this case support a valid affirmative defense of lack of consideration. Therefore, there has been no showing that granting leave to amend would be futile. Thus,

ORIGINAL

Bustamante's Motion to Amend Answer is **GRANTED**.

### B. Motion to File First Amended Answer and Counterclaim - Acts of a Health Professional Incident to Services Rendered Are Subject to Mandatory Arbitration

Since the Court granted Bustamante's Motion to Amend, it now considers whether Bustamante's affirmative defense of lack of consideration is subject to mandatory arbitration under the MMMAA. "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleadings as if there had been a proper designation." GCRP 8(c). Although Wise Owl opines that Bustamante's affirmative defense and counterclaims are interchangeable because they are identical in substance, if not form, the Court notes that "failure of consideration" is an affirmative defense under Rule 8(c). Thus, the Court turns to whether the affirmative defense of lack or failure of consideration is subject to mandatory arbitration.

Pursuant to the MMMAA statute regarding mandatory arbitration:

> *Any claim* that accrues or is being pursued in the territory of Guam, whether in tort, contract, *or otherwise*, shall be submitted to mandatory arbitration . . . if it is a controversy between the patient, his relatives, his heirs-at-law or personal representative or any third party or other party, and the health professional or health care institution . . . and is based on malpractice, tort, contract, strict liability, *or any other alleged violation of a legal duty incident to the acts of the health professional* or health care institution, *or incident to services rendered* or to be rendered by the health professional or health care institution.

10 GCA § 10102 (emphases added). Any claims pursued in Court must be stayed until mandatory arbitration is completed. 10 GCA § 10114. Thus, any malpractice claims must first be arbitrated before any court action. *See Villagomez-Palisson v. Super. Ct.*, 2004 Guam 13 at ¶¶ 8-9. The MMMAA defines "malpractice" as "any tort or breach of contract *based on health care*

ORIGINAL

*or professional services rendered* or which should have been rendered by a health professional or health care institution to a patient." 10 GCA § 10101(d) (emphasis added).

This dispute between the parties undoubtedly stems from and is incident to healthcare services rendered by Wise Owl in the treatment of Bustamante's dog. The Court need not parse whether Bustamante's multiple claims are "in tort, contract, or otherwise" because the statute broadly categorizes "any claim" resulting from or incident to rendered health services as subject to mandatory arbitration. Wise Owl's lack of consideration or failure to provide appropriate services incident to treatment remains a malpractice issue that requires mandatory arbitration. Bustamante's affirmative defense still argues that Wise Owl did not provide the services contracted for. The clear legislative intent with such broad language is to keep any patient or patient representatives' claims subject to arbitration when there is any allegation of malpractice, violation of legal duty, tort or breach. Thus, the Court finds that all of Bustamante's counterclaims and affirmative defenses against Wise Owl are subject to mandatory arbitration under the MMMAA because they stem from or are incident to rendered services. Thus, Wise Owl's Motion for Stay Pending Arbitration is **GRANTED**.

### C. Motion to Stay Plaintiff's Complaint - Claim for Unpaid Patient Fees Not Subject to Mandatory Arbitration

Bustamante opines Wise Owl's claim for non-payment is also subject to mandatory arbitration since the claim involves a contract. *See* 10 GCA § 10102 ("any claim that accrues . . . in tort, contract, or otherwise). The Court previously noted the expansive coverage of the mandatory arbitration statute.[3] However, to understand if Wise Owl's claim is also subject to arbitration, the Court must look to the MMMAA for context. The context of a statute is

---

[3] *See supra* at II.B.

ORIGINAL

ascertained by examining other provisions of the same statute and other related provisions. *Aguon v. Gutierrez*, 2002 Guam 11 ¶ 9. The provisions of the whole law, including its object, definitions and policy guide the Court's assessment of a statute. *Sumimoto Constr. v. Gov. of Guam*, 2001 Guam 23 ¶ 17.

On this issue, the Court finds the MMMAA definitions of the arbitrating parties definitive. The MMMAA defines "respondent" as "the health professional or healthcare provider defending a claim in arbitration." 10 GCA § 10101(f). Further, "petitioner" is defined as the patient, or others, "pursuing a claim in arbitration against a health professional or healthcare provider." 10 GCA § 10101(e). Under these specific definitions, it is clear that Wise Owl cannot be forced to arbitrate or be a petitioner, of a non-payment claim against Bustamante. If the statute intended a healthcare provider to arbitrate claims against patients, the definitions of the arbitrating parties would reflect such intention. Thus, the Court finds that Wise Owl's claim against Bustamante for non-payment is not subject to the MMMAA. Based on the MMMAA's definitions of the arbitration parties, Bustamante's Motion to Stay Plaintiff's Complaint is **DENIED**.

III.    <u>**CONCLUSION AND ORDER**</u>

Since leave to amend must be liberally given, Bustamante's Motion to Amend Answer is hereby **GRANTED**. The amended pleadings must be filed within 14 days of this Decision and Order. However, because Bustamante's counterclaims and affirmative defense arise from Wise Owl's acts or are incident to Wise Owl's treatment of his dog, the matter is subject to mandatory arbitration. Thus, Wise Owl's Motion to Stay Pending Arbitration is **GRANTED**. Based on the

ORIGINAL

MMMAA's definitions of arbitrating parties, Bustamante's Motion to Stay Plaintiff's Complaint is hereby **DENIED**.

The imposed stay takes effect immediately except for Wise Owl's non-payment claim and the filing of amended pleadings (and responses thereto) as permitted in this Decision and Order. Litigation over Wise Owl's non-payment claim shall proceed under the schedule outlined in the November 27, 2017 CVR 16.1 FORM 2 and CVR 16.1 FORM 3. The Court reminds the parties of the Status Hearing for May 23, 2018, at 9:30 a.m.

SO ORDERED this 5th day of April 2018.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Thompson Thompson
Alcantara, Cunliffe & Cook
Date: 4-5-18 Time: 11:45am

Deputy Clerk, Superior Court of Guam

ORIGINAL